IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: ) | | |
| MIMI ANITA WARD, ) | | |
| ) | Case No. 10-42456-13 | |
| Debtor. ) | Chapter 13 | |
| _____) | | |
| ) | | |
| MIMI ANITA WARD ) | | |
| Plaintiff, ) | | |
| v. ) | | |
| ) | Adv. No. 10-04155-drd | |
| WELLS FARGO BANK, N.A., et al, ) | | |
| ) | | |
| Defendants. ) | | |

**MEMORANDUM OPINION ON DEFENDANTS'
MOTION FOR IN-CAMERA REVIEW**

This adversary comes before the Court on the motion for in-camera review filed by defendants Wells Fargo Bank, N.A. and Wachovia Mortgage Corp. (collectively "Defendants") against debtor Mimi Anita Ward ("Debtor"). Defendants assert the right to submit certain documents requested by Debtor in discovery under seal for the Court's in-camera review based on the theory that they are non-discoverable pursuant to the attorney-client privilege. This is a core proceeding under 28 U.S.C. §157(b)(2)(K) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

For the reasons set forth below, the Court finds that the Defendants' motion is granted and the claims of privilege are sustained in part and denied in part.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On May 21, 2007, Debtor executed a note and deed of trust in the original principal amount

of $203,000 with American Mortgage Network, Inc. for property located at 610 NW 1751 Rd., Kingsville, Mo. ("Property"). The Property has been Debtor's primary residence since 1988. At some point prior to 2010, Debtor defaulted on the note and the series of events that took place thereafter form the basis of Debtor's five-count adversary complaint filed in this bankruptcy case. In the complaint, Debtor alleges that Defendants improperly foreclosed on her Property, breached duties of good faith and fair dealing and violated the Missouri Merchandising Practices Act.

The parties have been engaged in a significant discovery dispute including the Defendants' current motion to have certain documents deemed covered by the attorney-client privilege and reviewed in-camera. There are numerous communications which Defendants have included on a log attached as Exhibit A to the motion which they assert meet the qualifications of attorney-client privilege. The communications appear to be notes from a log that tracks case activity. There are individual entries with unidentifiable codes associated with each entry. Other entries appear to be just facts regarding a date the borrower called, or facts regarding what happened at the foreclosure sale. Some entries appear to memorialize communications between two parties. A key issue on this motion is whether the communications were between Defendants and their legal counsel or Defendants and the successor trustee on the deed of trust. If the former, the Court must then determine if they are privileged.

Defendant Wachovia appointed Kozeny & McCubbin, L.C. ("Kozeny"), its legal counsel, as successor trustee on Debtor's deed of trust. Therefore, Kozeny was in the position of wearing two distinct legal hats at various times during its representation of Defendants. A threshold question for the Court to determine is which "hat" Kozeny was wearing in which communications.

## II. LEGAL ANALYSIS

In federal court, the question of whether the attorney-client privilege applies is ordinarily a question of federal common law. *Scottrade, Inc. v. St. Paul Mercury Ins. Co.*, 2011 WL 572455 (E.D. Mo. Feb. 15, 2011). "However in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Fed. R. Evid. 501. Because the underlying claims in the instant matter are claims of improper foreclosure and breach of contract under state law, the substantive privilege rules of the State of Missouri are applicable. *See Scottrade,* 2011 WL at *3 (because the underlying cause of action was based on claims of breach of contract and vexatious refusal to pay, the court applied Missouri law on the attorney-client privilege issue).

In Missouri, the General Assembly has statutorily enacted the attorney-client privilege. Section 491.060(3) provides that certain persons are incompetent to testify, including

> "(3) An attorney, concerning any communication made to the attorney by such attorney's client, in that relation, or such attorney's advice thereon, without consent of such client."

Mo. Rev. Stat. § 491.060(3); *see also Ayers Oil Co. v. American Business Brokers, Inc.*, 2009 WL 4725297, *1 (E.D. Mo. Dec. 2, 2009). Despite the somewhat narrower language of the statute, the Missouri Supreme Court in *State ex rel. Great American Insurance Co. v. Smith*, 574 S.W.2d 379 (Mo. 1978), interpreted the attorney-client privilege expansively to encompass generally all communications from an attorney to a client and from a client to an attorney. The *Great American* Court adopted a view of privilege espoused by The American Law Institute in their Model Code of Evidence wherein a claim of attorney-client privilege may be had so long as the

communication is (1) transmitted in confidence in a manner not likely to be disclosed to a third party from the client's perspective and (2) not disclosed to a third party to whom disclosure in not reasonably necessary to make the communication effective or accomplish its purpose. *Great American*, 574 S.W.2d at 384.

The broad construction of the attorney-client privilege provided for in *Great American* is limited in a couple of ways. First, the privilege is limited to the extent that the communication between the attorney and client occurred during the existence of a formal relationship of attorney and client. *See Pipes v. Roddy* 694 S.W.2d 918, 925-26 (Mo. Ct. App. 1985). Secondly, once the relationship of attorney-client is formalized, the communications between the attorney and client must exist as to the subject matter of the attorney-client relationship. *See State v. Smith*, 979 S.W.2d 215, 220 (Mo. Ct. App. 1989). The interpretation of the statute is not so broad as to include discoverable factual information that was simply recited from attorney to client or vice versa for informational purposes. *See Great American*, 574 S.W.2d at 285. The party who claims the benefit of the attorney-client privilege has the burden of establishing the right to invoke its protection. *See Hollins v. Powell*, 772 F.2d 191, 197 (8th Cir. 1985).

As noted previously, Kozney was acting in two capacities in this case; at times, as attorney for the lender and, at times, as successor trustee under the deed of trust. *Wells Fargo Bank, N.A. v. Konover,* 2010 WL 814894 (D. Conn. March 5, 2010), is an opinion decided under Maryland law that involved a fact scenario analogous to the facts in this case. In *Konover*, the defendant challenged the plaintiff's invocation of the attorney-client privilege on the ground that the foreclosure trustee (who was also the lender's attorney) owed a fiduciary duty to both the borrower and the lender, which prevented her from having privileged communications with the

plaintiff about the foreclosure proceedings. *Konover*, 2010 WL at *2. In considering how an attorney's dual status as a foreclosure trustee and counsel for one of the parties affects the attorney-client privilege, the *Konover* Court ultimately held that it would not apply a blanket waiver exception to the attorney-client privilege, but rather would "examine each of the communications at issue to determine whether the attorney was acting as outside counsel for the client or was acting as the foreclosure trustee at the time the communication was made." *Id*. at *3. In Missouri, a trustee under a deed of trust owes a fiduciary duty to the debtor and the beneficiary. *See Lick Creek Sewer Creek Systems, Inc. v. Bank of Bourbon*, 747 S.W.2d 317, 322 (Mo. Ct. App. 1988). Likewise, this Court rejects the notion that the existence of this fiduciary duty prohibits the lender from asserting an attorney-client privilege claim with regard to communications between it and its counsel. As in *Konover*, however, the Court must determine whether a given communication was made between the lender and its counsel or the lender and the successor trustee.

Given these legal principles, the Court must now determine which of the logged documents are privileged and may be withheld. A few general observations are appropriate with regard to these legal principles, the context, the privilege log and the documents. First, as noted above, Defendants have the burden of demonstrating the existence of the elements of privilege. Accordingly, if they have failed in any respect to establish any one of them, the claim of privilege fails. In this case, in a number of instances, it is unclear from the documents whether a given communication is between the lender and its legal counsel or the lender and the successor trustee. No extrinsic evidence is offered to the Court to place the documents in context or to establish a factual basis for the claims of privilege. Accordingly, in those instances, the Court finds that the

claim of privilege has not been established and the documents must be produced. In a number of other instances, documents claimed privileged and redacted contain nothing more than a posting to the system of factual information. Those postings do not constitute communications between attorney and client and are therefore not privileged. Given the apparently broad scope of the privilege in Missouri, in instances in which those facts are embodied in communications between attorney and client, the Court has determined to sustain the claim of privilege. In several instances, the Court finds that documents (entries in the system) have been redacted but are not logged. In each of these cases, because Defendants have failed to produce a privilege log for the document, the claim of privilege has been waived. Even were that not the case, the Court believes that none of those documents is privileged because they do not constitute communications between the attorney and the client and do nothing but post facts or are between the beneficiary of the deed of trust and the successor trustee and therefore are not privileged. Those documents are: the second redacted item on document no. 00403; the first redacted item on document no. 00466; the fourth redacted item on document no. 00466; and the second redacted item on document no. 00470. Finally, the Court has utilized the Defendants' privilege log and added a column to the document to memorialize its rulings with a brief description of the basis. That table is attached to this Order as Exhibit A.

### III. CONCLUSION AND ORDER

For the reasons stated above, the Defendants' motion to file documents in-camera is granted and the claims of privilege are sustained in part and denied in part as reflected on the log attached to this Opinion as Exhibit A. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law.

ENTERED this 7th day of March 2011.

                                            /s/ Dennis R. Dow
                                            United States Bankruptcy Judge

Copies to:
Elizabeth M. Chostner
Susan Kephart
Richard Fink